FILED
NOV 0 3 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14CR2354-BAS |
|---|---|
| Plaintiff, | SUPERSEDING INFORMATION |
| v. | Title 18, United States Code, Section 1349 – Conspiracy to Commit Mail Fraud and Health Care Fraud; and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461 – Criminal Forfeiture |
| SEAN ENRIQUE O'KEEFE, | |
| Defendant. | |

The U.S. Attorney charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant:

1. Defendant Sean E. O'KEEFE (hereinafter referred to as "O'KEEFE") was an attorney licensed in the state of California to practice law. O'KEEFE owned and operated "The Law Offices of Sean E. O'KEEFE," in San Diego. O'KEEFE was admitted to the California State Bar in 1984, and has been a certified specialist in the area of California Workers' Compensation Law since 1998.

2. O'KEEFE represented clients in their workers' compensation cases, helping to manage their medical care, interacting with their

14

insurers, and representing them before the Worker's Compensation Appeals Board.

3. The California Workers' Compensation System ("CWCS") required that employers in California provide workers' compensation benefits to their employees for qualifying injuries sustained in the course of their employment. The CWCS was regulated by the California Labor Code, the California Insurance Code, and the California Code of Regulations, and was administered by the California Department of Industrial Relations.

4. CWCS benefits were administered by the employer, an insurer, or a third party administrator. The CWCS required claims administrators to authorize and pay for medical care that was "reasonably required to cure or relieve the injured worker from the effects of his or her injury," and included medical, surgical, chiropractic, acupuncture, and hospital treatment.

5. The State Compensation Insurance Fund ("SCIF") was a quasi-governmental organization which operated as a private company and was considered the insurer of last resort, playing a key role in guaranteeing the availability of affordable workers' compensation insurance in California.

6. Injured employees could retain attorneys to represent them in their workers' compensation cases. These attorneys were called "applicants' attorneys." They were paid a fee out of the applicant's recovery. According to the California Department of Industrial Relations, the applicant attorney's job included protecting the rights of the client, planning a strategy for the client's case to obtain all the benefits owed to the client, advocating for the client, gathering information to support the client's claim, and representing the client

2

before a workers' compensation judge. It was not part of the applicant attorney's job to seek or accept kickbacks to the attorney for referrals to particular surgeons or hospitals.

7. Worker's compensation attorneys often recommended that their worker's compensation clients see certain doctors. Those doctors, in turn, recommended that the clients be treated at the hospital or facility at which they had admitting privileges and where they performed surgeries. Insurance providers and SCIF paid the hospitals and surgeons for medical services provided to workers' compensation patients.

8. Attorneys owed a fiduciary duty to their clients. This duty required that attorneys act in their client's best interests, and not for their own professional, pecuniary, or personal gain. Accepting kickbacks without the client's consent was a breach of the attorney's fiduciary duty.

9. Michael Drobot (charged elsewhere) (hereinafter "Drobot") owned and operated Pacific Hospital of Long Beach in Long Beach, California, as well as other entities.

10. Drs. R.S., L.T., R.R., and K.R. were spine surgeons who practiced in San Diego and other locations.

## Count 1

**CONSPIRACY TO COMMIT MAIL FRAUD AND HEALTH CARE FRAUD**

**18 U.S.C. § 1349**

11. The allegations contained at paragraphs 1 through 10 are realleged and incorporated by reference.

12. Beginning on an unknown date, but no later than April 2011, and continuing through approximately July 2014, in the Southern District of California and elsewhere, defendant SEAN ENRIQUE O'KEEFE

did knowingly and intentionally conspire with Drobot, Drs. R.S., L.T., R.R., K.R. and others to:

    a. deprive O'Keefe's clients of their right to his honest services by devising a kickback scheme, in which he received money in exchange for referring injured workers to specific medical professionals and facilities when the injured workers required spine surgery and other medical services, and which used mailings sent via U.S. Postal Service and private and commercial, interstate carriers as an essential part of the scheme, in violation of 18 U.S.C. §§ 1341 and 1346; and

    b. defraud a health-care benefit program by means of materially false and fraudulent pretenses, representations, and promises, by inducing insurance carriers to pay workers' compensation insurance claims for medical care for patients, by concealing a kickback scheme through which Defendant received money to refer injured workers to specific medical professionals and facilities to receive spine surgeries and other medical services, which was material to the insurance carriers, in violation of 18 U.S.C. § 1347.

**MANNER AND MEANS**

13. The conspiracy was carried out using the following manner and means, among others:

    a. O'KEEFE entered into agreements with Drobot and others to obtain kickbacks for referring O'KEEFE's law clients to specific medical professionals, including Drs. R.S., L.T., R.R., and K.R., for spinal surgery and other medical services.

  b. Based on the fraudulent offer of kickbacks, O'KEEFE referred his clients with spinal injuries to Drs. R.S., L.T., R.R., and K.R. for evaluation and surgery, in violation of his fiduciary duty to his clients.

  c. O'KEEFE concealed from his clients the kickback payments he received from Drobot and others, in violation of his fiduciary duty to his clients.

  d. O'KEEFE disguised and concealed the illegal kickback scheme by instructing Drobot to pay the kickbacks to employees of O'KEEFE's law firm, to whom O'KEEFE owed compensation, and to misrepresent these employees as working for Pacific Hospital of Long Beach.

  e. O'KEEFE disguised and concealed the illegal kickback scheme by entering into sham legal retainer agreements with Drobot and others.

  f. O'KEEFE generated fraudulent "legal invoices" to Drobot and others for services he and his firm never provided in an effort to disguise and conceal the illegal kickbacks.

  g. The corrupt doctors and hospitals that treated O'KEEFE's clients submitted bills to SCIF and other insurance carriers via U.S. mail, and fraudulently concealed the illegal kickbacks from SCIF and other insurance carriers in those mailings.

  h. O'KEEFE concealed his illegal kickback scheme in communications with his legal clients, SCIF and other insurance carriers via U.S. mail.

  i. O'KEEFE regularly signed and sent to his clients, to insurance companies, and to SCIF a "Statement in Compliance with Labor Code § 4906(G)" that he "[had] not offered, delivered, received, or

Case 3:14-cr-02354-BAS   Document 14   Filed 11/03/15   PageID.24   Page 6 of 7

accepted any rebate, refund, commission, preference, patronage, dividend, discount, or other consideration, whether in the form of money or otherwise, as compensation or inducement for any referred examination or evaluation."

   j. O'KEEFE caused SCIF and other insurance carriers to pay for the surgeries procured through kickbacks by checks sent through U.S. mail.

  All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE ALLEGATIONS

  14. The allegations contained in paragraphs 1 through 13 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

  15. Upon conviction of Count 1, defendant SEAN ENRIQUE O'KEEFE shall forfeit to the United States, any real or personal property constituting, derived from, or traceable to the proceeds that the defendant obtained directly or indirectly as a result of the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

  16. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

6

      e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the said property described above as being subject to forfeiture.

DATED: 11/3/2015.

LAURA E. DUFFY
United States Attorney

By: /s/ Valerie H. Chu
VALERIE H. CHU
Assistant U.S. Attorney

By: /s/ Valerie H. Chu for
FRED SHEPPARD
Assistant U.S. Attorney